**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

ANDRE L. FAIRCLOTH,

        Plaintiff,

v.                                          Action No. 2:13cv156

CAROLYN W. COLVIN,
COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

## REPORT AND RECOMMENDATION

This matter comes before the Court on Plaintiff Andre Faircloth's ("Plaintiff's") Motion for Attorney's Fees filed on July 1, 2014. ECF No. 27. On July 21, 2014, the matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. §§ 636(b)(1)(B) and (C) and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia for report and recommendation. ECF No. 31. For the reasons stated herein, the undersigned RECOMMENDS that Plaintiff's motion be GRANTED in part and that Plaintiff be awarded reasonable attorneys' fees in the amount of $4,875 plus $350 in costs pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA").

## I. PROCEDURAL BACKGROUND

Plaintiff filed a Complaint on March 29, 2013, challenging the administrative law judge's ("ALJ's") denial of Social Security disability benefits and seeking a remand for reconsideration of his claim or, alternatively, a reversal and award of benefits. Compl., ECF No. 1. Plaintiff filed a motion for summary judgment on July 10, 2013, seeking "an immediate award of benefits" or, in the alternative, a remand to the Social Security Administration. Pl.'s Mot. for

Summ. J., ECF No. 10.  On August 9, 2013, Defendant filed a motion to remand the case to the Social Security Administration for reconsideration.  Def.'s Mot. Remand, ECF No. 17.  Plaintiff filed a reply opposing Defendant's motion for remand and requesting the Court to enter an immediate award for benefits.  Pl.'s Reply in Opp'n to Def.'s Mot. for Remand, ECF No. 19.

On February 27, 2014, the undersigned filed a Report and Recommendation reversing the Commissioner's decision to deny Plaintiff's claim for benefits, granting Defendant's motion for remand, granting Plaintiff's motion for summary judgment "to the extent it requested remand," and denying Plaintiff's motion for summary judgment "to the extent it requested an immediate award of benefits," which the Chief United States District Judge adopted on April 2, 2014. Order, ECF No. 23; *see* Report & Recommendation, ECF No. 20.

On July 1, 2014, Plaintiff filed a motion for attorneys' fees, requesting the Court to enter an award for attorneys' fees of $25,125, pursuant to the EAJA.  Pl.'s Mot. Att'ys' Fees, ECF No. 27.  Plaintiff's request was based on attorneys' fees for 201 hours of work.  *Id.* at 12.

On July 15, 2014, Defendant filed a Brief in Opposition to Plaintiff's motion, arguing that Plaintiff had not "incurred" any attorneys' fees because there was no "express or implied agreement" to pay a fee award to his counsel.  Def.'s Br. In Opp'n to Pl.'s Mot. for Att'ys' Fees 4, ECF No. 29 ("Def.'s Opp'n").  Defendant also argued that the requested award was excessive and unreasonable because it is significantly larger than awards in similar cases and covers work that is not compensable under the EAJA.  *Id.* at 5–14.  Plaintiff filed a reply on July 18, 2014. Pl.'s Reply in Supp. of Mot. for Att'ys' Fees 3, ECF No. 30 ("Pl.'s Reply").

## II. STANDARD OF REVIEW

The EAJA provides that a court "*shall* award to a prevailing party," including successful social security claimants, an award for attorneys' fees "incurred by that party in any civil action .

2

. . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A) (emphasis added). The statute further provides a maximum rate for attorneys' fees of $125 per hour. 28 U.S.C. § 2412(d)(2)(A)(ii). The Supreme Court has outlined the four requirements for obtaining an attorney's fee award under the EAJA: "(1) that the claimant be a 'prevailing party'; (2) that the Government's position was not 'substantially justified'; (3) that no 'special circumstances make an award unjust';" and (4) "that any fee application be submitted to the court within 30 days of final judgment in the action and be supported by an itemized statement." *Comm'r v. Jean*, 496 U.S. 154, 158 (1990) (quoting 28 U.S.C. § 2412).

### III. ANALYSIS

#### A.      Plaintiff Has "Incurred" Attorney's Fees

Defendant argues Plaintiff has not "incurred" attorneys' fees within the meaning of the EAJA, and is therefore not entitled to a fee award because there was no "express or implied agreement" that Plaintiff would remit any fee award to his counsel. Def.'s Opp'n 4 (quoting *Phillips v. Gen. Servs. Admin.*, 924 F.2d 1477, 1583 (Fed. Cir. 1991)); *see* 28 U.S.C. § 2412(d)(1)(A). The EAJA provides that "a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . including proceedings for judicial review of agency action." 28 U.S.C. § 2412(d)(1)(A). A party incurs fees within the meaning of the statute if there is an attorney-client relationship. *Ed A. Wilson, Inc. v. Gen. Serv. Admin.*, 126 F.3d 1406, 1409 (Fed. Cir. 1997). An agreement to represent a client pro bono does not foreclose the ability for a party to "incur" attorneys' fees within the meaning of the EAJA. *Abusamhadaneh v. Taylor*, No. 1:11CV939, 2013 WL 193778 at *12 (E.D. Va. Jan. 17, 2013) (quoting *Cornelia v. Schweiker*, 728 F.2d 978, 987 (8th Cir.

1984)).  Because the statute provides that the award goes to the party, however, and not directly to his attorney, there must also be an "'express or implied agreement that the fee award will be paid over to the legal representative.'"  *Abusamhadaneh,* 2013 WL 193778 at *12 (quoting *Phillips*, 924 F.2d at 1583); *see Stephens ex rel. R.E. v. Astrue*, 565 F.3d 131, 140 (4th Cir. 2009) ("Attorney's fees under the EAJA are payable to the 'prevailing party,' not the attorney."); *see also Ed A. Wilson, Inc.*, 126 F.3d at 1409.  "What underlies the express or implied agreement that the client will pay over the fee award is the fear that petitioner will retain the attorney fee award as his own." *Wasniewski v. Grzelak-Johannsen*, 549 F. Supp. 2d 965, 971 (N.D. Ohio 2008).

Defendant argues that Plaintiff has failed to demonstrate an obligation to remit a fee award to his counsel, and thus he is not entitled to collect a fee award.  Def.'s Opp'n 4–5; *Abusamhadaneh*, 2013 WL 193778 at *12; *Phillips*, 924 F.2d at 1583; *see United States ex rel. Virani v. Jerry M. Lewis Truck Parts & Equipment, Inc.*, 89 F.3d 574, 577 (9th Cir. 1996) ("[W]eighty authority demonstrates that the client himself is not entitled to keep the fees which are measured by and paid on account of the attorneys' services.").  Defendant relies upon appointment paperwork filed with the Social Security Administration, which states that Plaintiff's counsel "was '[w]aiving fees from any source' and releas[ing] Plaintiff 'and any auxiliary beneficiaries from any obligations, contractual or otherwise, which may be owed . . . for services provided in connection with their claim(s) or asserted right(s).'"  *Id.* at 5 (quoting R. at 32).  After examining the appointment paperwork, the undersigned is satisfied that Plaintiff's counsel merely selected the only available fee arrangement in the appointment paperwork that allowed the pro bono representation of Plaintiff.[1]

---

[1] The form used by the Social Security Administration for appointment of counsel provides four fee arrangement options: (1) "charging a fee and requesting direct payment from withheld past-due benefits," (2) "charging a fee but

The circumstances surrounding Plaintiff's representation reveal Plaintiff's obligation to remit a fee award to his counsel. Counsel prepared and submitted Plaintiff's motion for attorneys' fees, indicating a continuing attorney-client relationship. *See Wasniewski*, 549 F. Supp. 2d at 971 (finding an implied agreement to pay a fee award to counsel where "[t]he motion for fees was prepared by petitioner's counsel, so there is no possibility that petitioner would receive a fee without counsel's knowledge"). Also, Plaintiff's counsel did not receive compensation from a third party for their representation, so Plaintiff would not need to pay the award to anyone other than his legal representatives. *See Phillips*, 924 F.2d at 1583 n.5 (stating that a party has not "incurred" fees if he is obligated to pay them to a third party other than his legal representatives). When the plaintiff has a continuing attorney-client relationship and has no obligation to remit fee awards to anyone other than his legal representative, an implied agreement exists "as a matter of law." *Id.*; *see Abusamhadaneh*, 2013 WL 193778 at *12 ("It is axiomatic 'that an award of attorney['] s fees [under EAJA] is not necessarily contingent upon an obligation to pay counsel . . . . The presence of an attorney-client relationship suffices to entitle prevailing litigants to receive fee awards.'") (quoting *Ed A. Wilson, Inc.*, 126 F.3d at 1409). Plaintiff has demonstrated the existence of an implied agreement to remit a fee award to his counsel. Plaintiff has therefore incurred fees within the meaning of the EAJA.

## B.    Plaintiff is Eligible for a Fee Award Under the EAJA

Having found that Plaintiff has incurred fees, the Court must now determine whether he meets the four requirements for eligibility for a fee award under the EAJA: "(1) that the claimant be a 'prevailing party'; (2) that the Government's position was not 'substantially justified'; (3)

---

waiving direct payment of the fee from withheld past-due benefits," (3) "waiving fees and expenses from the claimant and any auxiliary beneficiaries" and certifying the "fee will be paid by a third-party," and (4) "[w]aiving fees from any source," and releas[ing] Plaintiff 'and any auxiliary beneficiaries from any obligations, contractual or otherwise, which may be owed . . . for services provided in connection with their claim(s) or asserted right(s)."   R. 32.  Counsel checked the box next to the fourth option.  *Id.*

that no 'special circumstances make an award unjust';" and (4) "that any fee application be submitted to the court within 30 days of final judgment in the action and be supported by an itemized statement." *Comm'r v. Jean*, 496 U.S. at 158 (quoting 28 U.S.C. § 2412).

### 1.       Plaintiff is a "Prevailing Party"

A plaintiff is the "prevailing party" if he "succeed[s] on any significant issue in litigation which achieves some of the benefit the party sought in bringing suit." *Hensley*, 461 U.S. at 433; *see Omaha Tribe of Neb. v. Swanson*, 736 F.2d 1218, 1220–21 (8th Cir. 1984) (applying *Hensley*'s analysis of "prevailing party" to the EAJA).  Plaintiff's Complaint and motion for summary judgment sought either a reversal of the Commissioner's decision and remand for further proceedings, or an immediate award of benefits. The order entered April 2, 2014, reversed the Commissioner's decision to deny Plaintiff benefits, and remanded the case to determine the date of onset of Plaintiff's disability.  *See* Order, ECF No. 23.  Plaintiff therefore prevailed on his motion to reverse the Commissioner's decision and remand, which establishes him as the prevailing party within the meaning of the EAJA. *See Shalala v. Schaefer*, 509 U.S. 292, 293–94 (1993).

### 2.       The Government's Position Was Not Substantially Justified

A position is substantially justified if it "has a reasonable basis in law and fact." *Pierce v. Underwood*, 487 U.S. 552, 566 n.2 (1988). The court analyzes a party's position under the totality of the circumstances, including both the agency's initial determination and the Government's defense of that determination.  *See Roanoke River Basin Ass'n v. Hudson*, 991 F.2d 132, 138–39 (4th Cir. 1993); *Jean*, 496 U.S. at 160–61 (stating that the determination of whether the Government's position is substantially justified is a "one-time threshold for fee eligibility").

In the report and recommendation, the undersigned determined that the ALJ's denial of benefits was "a decision for which there is no substantial evidence in the record."  Report & Recommendation 18.  The ALJ assigned "little weight to almost all of the medical opinions in the record" and failed to adequately explain the reasoning for ignoring the opinions of Plaintiff's treating oncologist, especially when those opinions were consistent with other medical evidence in the record and were "'well supported by medically acceptable clinical and laboratory diagnostic techniques.'" *Id.* at 21, 23 (quoting 20 C.F.R. § 404.1527(c)(2)). The ALJ primarily based the decision to deny benefits on the medical opinions of two non-examining physicians, which were contrary to almost every other medical opinion in the record. Report & Recommendation 22.

Plaintiff contends that the ALJ's decision was not substantially justified, and Defendant has not disputed that contention.  Since the evidence in the record did not adequately support the ALJ's decision, the decision to deny Plaintiff benefits was not substantially justified.  The second prong of the EAJA test for eligibility is therefore satisfied.  *See Evans v. Sullivan*, 928 F.2d 109, 112 (4th Cir. 1991).

### 3. There Are No Special Circumstances That Would Make an Award for Attorney's Fees Unjust

A fee award under the EAJA is "mandatory *unless* Defendant can demonstrate . . . that special circumstances make an award unjust." *Hyatt v. Barnhart*, 315 F.3d 239, 244 (4th Cir. 2002) (emphasis in original); *See* 28 U.S.C. § 2412(d)(1)(A).  Defendant has argued that special circumstances justify a *reduction* in the requested EAJA award.  *See* Def.'s Opp'n 10 (arguing that there should be no compensation for time after the Plaintiff rejected Defendant's offer of remand under the "special circumstances" exception).  But, that objection only extends to a portion of Plaintiff's requested fee award. Defendant has made no argument that special

circumstances would make *any* award unjust.   Therefore, Plaintiff has satisfied the "special

circumstances" prong for determining eligibility for an EAJA award.[2]

### 4.    Plaintiff's Petition was Timely Filed

Eligibility to receive an award for attorneys' fees under the EAJA requires that the

petition for a fee award be filed within thirty days of the final judgment.   28 U.S.C. §

2412(d)(1)(B).   A final judgment is "a judgment that is final, and not appealable."   *Id.*

§ 2412(d)(2)(G).   The order adopting the undersigned's report and recommendation was entered

on April 2, 2014. Order, ECF No. 23.   That order was appealable until June 1, 2014. *See* 28

U.S.C. § 2107(b)(2) (stating that a judgment in a case in which a United States agency is a party

is appealable for 60 days after the date of entry).   Accordingly, Plaintiff had until July 1, 2014,

thirty days after the order could no long be appealed, to file a petition for attorneys' fees.

Plaintiff timely filed the Motion for Attorneys' Fees on July 1, 2014. Pl.'s Mot. for Att'ys Fees,

ECF No. 27.

Because Plaintiff is a prevailing party, Defendant's position was not substantially

justified, there are no special circumstances that would make a fee award unjust, and Plaintiff's

motion for attorneys' fees was timely filed, Plaintiff is eligible to receive an award for attorneys'

fees under the EAJA.   Having found Plaintiff eligible for a fee award, the Court must next

determine what fee award is reasonable.  *Comm'r v. Jean*, 496 U.S. at 161.

### C.    Plaintiff's Requested Fee Award is Not Reasonable

If a claimant is found eligible for a fee award under the EAJA, the district court must

determine what fee is reasonable.  *Id.* at 161.  The court first calculates the lodestar figure, which

is the product of the reasonable hourly rate and the reasonable number of hours expended.  *See*

---

[2] Defendant's argument will be considered in determining the reasonableness of the fee award.  *See infra* Part III.C.

*Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).  Contained within the lodestar calculation are numerous factors outlined in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974).[3]  Once calculated, the lodestar figure may be adjusted upward or downward to reflect any *Johnson* factors that were not adequately subsumed in the calculation.  *See Project Vote/Voting for Am., Inc. v. Long*, 887 F. Supp. 2d 704, 709 (E.D. Va. 2012).

Plaintiff requests an EAJA fee award for 201 hours of work performed by three attorneys.  Defendant objects to this number, arguing that it is excessive because the issues presented in this case are not novel or difficult; Plaintiff's counsel has improperly requested fees for noncompensable activities; Plaintiff's counsel's "block billing" makes certain activities noncompensable; and the requested award is generally unreasonable given awards in similar cases.  Def.'s Opp'n 5–16.

The undersigned does not doubt that Plaintiff's counsel actually worked 201 hours on this litigation.  However, simply because counsel actually worked 201 hours does not make all 201 hours reasonable and compensable under the EAJA.  *See Copeland v. Marshall*, 641 F.2d 880, 891 (D.C. Cir. 1980) ("It does not follow that the amount of time actually expended is the amount of time reasonably expended.").  The Court must calculate a reasonable number of hours expended on behalf of Plaintiff, excluding hours that are excessive, redundant, or otherwise unnecessary.  *See Hensley*, 461 U.S. at 434; *see also Long*, 887 F. Supp. 2d at 709.  Following a

---

[3] The twelve *Johnson* factors are:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Project Vote/Voting for Am., Inc. v. Long*, 887 F. Supp. 2d 704, 709 n.1 (E.D. Va. 2012) (citing *Johnson*, 488 F.2d at 717-19).

thorough review of the time records submitted by the three attorneys representing Plaintiff, the undersigned concludes the 40.25 hours expended prior to filing the Complaint should be reduced to 4 hours.  Further, following the filing of the Complaint, the Court finds that the 4.25 hours of clerical tasks, 9.75 hours of block billed entries, 1.5 hours of research unrelated to the litigation, 24 hours of conferences between attorneys, and 12 hours revising each other's work are not compensable.  Lastly, the Court reduces the remaining request of 109.25 hours for time spent after the filing of the Complaint to 35 hours.  Accordingly, the undersigned recommends awarding Plaintiff $4,875 in attorneys' fees for 39 hours reasonably expended representing Plaintiff in this case.

### 1. Counsel's Compensation for Work Performed Prior to the Filing of the Complaint

Plaintiff seeks compensation for 40.25 hours of work his counsel performed before the Complaint was filed.  *See* Pl.'s Reply 4.[4]  Defendant counters that this number is unreasonable and excessive, and that a reasonable amount of compensable pre-Complaint work time would be no more than 2.5 hours.  *See* Def.'s Opp'n 9–10 (citing *Gough v. Apfel*, 133 F. Supp. 2d 878, 880 (W.D. Va. 2001)).  The Supreme Court has held that time spent before a Complaint is filed is compensable under fee-shifting statutes if it is time that is "reasonably expended *on the litigation*." *Webb v. Bd. of Educ. of Dyer Cnty., Tenn.*, 471 U.S. 234, 242 (1985) (quoting *Hensley*, 461 U.S. at 433).  Because drafting the complaint is the initial step in the judicial process, it is compensable under the EAJA.  *Kyser v. Apfel*, 81 F. Supp. 2d 645, 647 (W.D. Va.

---

[4] Mr. Chew has a one hour entry, and Mr. Kememer has entries totaling 39.25 hours.  Pl.'s Mem. Ex. 1; ECF Nos. 28-2 and 28-3.  Plaintiff indicates in the reply that Mr. Chew worked three hours prior to the filing of the Complaint, and Mr. Kememer worked 37.25 hours.  Pl's. Reply 3.  Two of the hours attributed to Mr. Chew are reflected in an entry dated March 29, 2013, the date the Complaint was filed.  Pl's Mem. Ex. 1, ECF No. 28-2.  Defendant did not include these two hours in its calculation.  Opp. 9, ECF No. 29.  Accordingly, the Court has not included these two hours in this section.  Presumably, Plaintiff arrived at the 37.25 figure for Mr. Kememer's hours by subtracting 3 hours from the total 40.25 hours.  The Court's calculations indicate Mr. Kememer's entries total 39.25 hours prior to the filing of the Complaint.

2000) (citing *Pollgreen v. Morris*, 911 F.2d 527, 536 (11th Cir. 1990)). Therefore, to the extent that Plaintiff requests compensation for pre-Complaint work, the undersigned believes such compensation should be compensable, but limited to time reasonably spent drafting the Complaint.

The invoices submitted by Plaintiff as exhibits reveal that Benjamin Chew, Esq., reasonably spent one hour researching the claim, and Harold Kemerer, Esq., reasonably spent three hours drafting the Complaint. *See* Pl.'s Mem. in Supp. Ex. A, Attach. 2, ECF Nos. 28–2 and 28–3. The undersigned is therefore satisfied that Plaintiff's counsel is entitled to an EAJA award for four hours of pre-Complaint work. This number is reasonable and in line with pre-Complaint compensation awarded in similar cases. *See, e.g.*, *Kyser*, 81 F. Supp. 2d at 647 (awarding compensation for two hours spent drafting the Complaint); *Gough*, 133 F. Supp. 2d at 880 (awarding compensation for 2.5 hours spent drafting the Complaint).

### 2.    Plaintiff's Request Includes Noncompensable Clerical Work or Improper "Block Billing"

Defendant contends that Plaintiff's invoices are "replete with tasks that should be deemed non-compensable." Def.'s Opp'n 11. These include tasks that Defendant alleges are "purely clerical" and "improper[ly] block bill[ed]." *Id.* at 12. "Purely clerical activities, regardless of who performs them, are considered overhead and are not compensable under the EAJA." *Abusamhadaneh*, 2013 WL 193778, at *38 (citing *Jenkins*, 491 U.S. at 288 n.10). The difficulty comes in determining which tasks are considered "purely clerical" and which "fall into the 'gray area' of tasks which may appropriately be performed by either an attorney or a paralegal." *Id.* (citing *Jenkins*, 491 U.S. at 288 n.10).

Defendant asserts that 4.5 hours of work between the time Plaintiff filed the Complaint and the time Defendant filed the motion for remand are purely clerical and thus not compensable.

Def.'s Opp'n 12.  The entries cited by Defendant include time spent reviewing a notice regarding service; receiving and reviewing summonses, service packages, receipts, and envelopes; confirming service with process servers; identifying opposing counsel and generating forms for Plaintiff's signature; obtaining and filing documents; and preparing a certificate of service.  *See* Pl.'s Mem. in Supp., Ex. A, Attachs. 1–3, ECF Nos. 28–2, 28–3, & 28–4.[5]  The undersigned agrees that these tasks are not compensable under the EAJA.  However, the entries to which Defendant objects total only 3.25 hours, rather than the stated 4.5 hours.  In addition, the undersigned finds Mr. Kemerer's entries dated June 10, 2013, and August 26, 2013, contain .75 hours of clerical tasks; and Mr. Drian's entry dated August 9, 2013, contains .25 hours of clerical tasks.  ECF Nos. 28–3 and 28–4.  Accordingly, the undersigned recommends that 4.25 hours of clerical work be excluded from Plaintiff's EAJA award.

Defendant also objects to those entries that constitute "a hybrid of compensable attorney tasks with purely clerical, noncompensable tasks."  Def.'s Opp'n 13.  Defendant requests that the Court deny in full Plaintiff's request for compensation for tasks that have been billed in this manner, which total 9.75 hours as opposed to 10.5 hours indicated in the brief.  *Id.* at 13–14.[6]

Courts have expressed disapproval of block billing, "the practice of grouping, or 'lumping,' several tasks together under a single entity, without specifying the amount of time spent on each particular task."  *Guidry v. Clare*, 442 F. Supp. 2d 282, 294 (E.D. Va. 2006); *see Long*, 887 F. Supp. 2d at 716.  When counsel has engaged in block billing, the Court should reduce the fee award because counsel has "prevent[ed] an accurate determination of the

---

[5] The relevant entry dates are April 12, 2013, for Benjamin Chew, April 4, 8, and 12, 2013, for Hannibal Kemerer, and June 10 and 12, 2013, for Joshua Drian.

[6] Specifically, Defendant objects to Mr. Kemerer's entries dated March 29, 2013, April 5, 9,  and 15, 2013, and July 9, 2013. Def.'s Opp'n 13; *see* Pl.'s Mem. in Supp. Ex. A, Attach. 2, ECF No. 28-3. The undersigned notes that Defendant includes an April 10, 2013 entry for Mr. Kemerer as one of the entries to which it objects, yet there is no April 10, 2013 entry for Mr. Kemerer on the invoices filed with the Court. The dates provided by Defendant for which there are entries total 9.75 hours.

reasonableness of the time expended in the case." *Guidry*, 442 F. Supp. 2d at 294.   When confronted with block billing, the Court may reduce the fee award in one of two ways: "(i) by identifying and disallowing specific hours that are not adequately documented, or (ii) by reducing the overall fee award by a fixed percentage or amount based on the trial court's familiarity with the case, its complexity, and the counsel involved." *Id.*

Defendant contends those hours that Plaintiff improperly block billed are not compensable.   For example, Defendant objects to Mr. Kemerer's March 29, 2013 entry, which reads:

> Respond to B. Chew's inquiry re: matter number. Login to Electronic Case Filing to determine whether complaint is online. Research process servers who operate in Norfolk, Virginia. Update client on status, next steps. Conduct additional legal research in E.D. Va and relevant decisions authored by The Honorable Rebecca Beach Smith. Send clerk additional summonses. Receive and review fax from client.

Pl.'s Mem. in Supp. Ex. A, Attach. 2. The undersigned agrees with Defendant that this entry, along with the others listed, represents improper block billing that unnecessarily commingles compensable attorney work (such as legal research related to the claim) with noncompensable clerical work (such as researching process servers).   The undersigned will accordingly reduce the request by the 9.75 hours that were improperly block billed.

Lastly, the undersigned finds Mr. Drian's entry dated January 10, 2014, requesting compensation for 1.5 hours to "research the manner in which Mr. Faircloth's Social Security Administration determination may be used to obtain Virginia Medicaid benefits," to be unrelated to this case and noncompensable.   Consequently, the undersigned finds 15.5 hours (4.25 hours of clerical tasks, 9.75 hours improperly block billed, and 1.5 hours unrelated to the social security appeal) to reflect tasks not covered by the EAJA.

### 3.       Plaintiff's Request Contains Unnecessary or Duplicative Tasks

Defendant further objects that Plaintiff's request for a fee award "reflects unnecessary and impermissible duplication of efforts concerning numerous tasks." Def.'s Opp'n 14. Defendant claims that "Plaintiff had two or more attorneys performing overlapping and duplicative tasks on several different fronts," including research, and drafting and revising briefs and replies. *Id.* at 15.   Defendant therefore concludes that Plaintiff's claimed 89.25 hours for "research, drafting, reviewing and revising the Motion for Summary Judgment" are "duplicative and excessive, and thus unreasonable, under the EAJA." *Id.*

Plaintiff argues that all of the tasks performed by his attorneys were done "without overlap," and were reasonable and necessary to provide Plaintiff with effective legal representation.   *Id.* at 7–8.   Plaintiff further argues that his counsel's pro bono representation undermines any argument that they were engaging in overlapping or duplicative tasks for the purpose of padding a potential fee award. *Id.* at 8.

When a task or issue does not require the use of multiple attorneys, the Court should "award fees for the time of one attorney." *Cox v. Reliance Std. Life Ins. Co.*, 179 F. Supp. 2d 630, 636 (E.D. Va 2001).   A review of the time records for the period after Plaintiff filed the Complaint and before Defendant filed the motion to remand reveals multiple entries for meetings and conferences between counsel,[7] as well as entries for editing and reviewing each other's

---

[7]   The time entries including these meetings and conferences often include compensable work.   Accordingly, the entries are listed here along with the portion of time allocated to the non-compensable conferences and meetings. Mr. Kemerer's entries dated April 16, 2013 (1 hour), May 17, 2013 (1 hour), May 30, 2013 (1 hour), June 10, 2013 (.5 hours), June 18, 2013 (.25 hours), July 8, 2013 (.5 hours), July 10, 2013 (.5 hours), August 7, 2013 (.5 hours), and August 8, 2013 (.25 hours).   ECF No. 28-3.   Mr. Drian's entries dated May 17, 2013 (1 hour),  May 30, 2013 (1 hour), June 5, 2013 (.25 hours ), June 12, 2013 (.75 hours), July 2, 2013 (2 hours), July 9, 2013 (2 hours), and August 8, 2013 (.5 hours).   ECF No. 28-4.   Some entries have combined meetings or conferences with other tasks, and the undersigned has allotted a portion of the entry to the conferences as indicated in the parentheticals.

work.[8]  The conferences between the three counsel[9] and review of each other's work[10] continued after Defendant filed the motion for remand.  Counsels' decision to have three attorneys address this Social Security appeal does not entitle counsel to a fee award for duplicative and unnecessary work.  Accordingly, the fee award will be reduced by thirty-six hours to account for the conferences between counsel totaling twenty-four hours, and time spent revising and editing the work product of other counsel totaling twelve hours.

4.     **Counsel's Compensation for Work Performed Following the Government's Motion to Remand**

Defendant contends that any work Plaintiff's counsel performed after Defendant filed its motion for remand should not be included in an EAJA fee award.  Def.'s Opp'n 10.  Defendant argues that since Plaintiff initially sought a remand and subsequently opposed Defendant's motion for remand, Plaintiff "needlessly prolong[ed] this litigation" and "expended substantial additional and unnecessary time" performing tasks related to pursuing its request for summary judgment.  *Id.* at 10–11.  Thus, Defendant argues, Plaintiff should not receive a fee award for the time spent opposing Defendant's motion for remand.

Plaintiff counters that his expectation for an immediate award for benefits was reasonable and justified his opposition to the motion for remand.  Pl.'s Reply 6.  Plaintiff further argues that the delay he experienced in waiting for benefits justified his pursuit of immediate benefits and his opposition to remand.  *Id.* at 6–7.  In light of these circumstances, Plaintiff argues that his actions were not "designed to prolong the litigation so much as to end it." *Id.* at 7.

---

[8] Mr. Chew's entry dated July 5, 2013 (1 hour).  ECF No. 28-2.  Mr. Kemerer's entries dated May 30, 2013 (1 hour), July 2, 2013 (1.25 hours), July 4, 2013 (3.75 hours), and July 5, 2013 (2.5 hours).  ECF No. 28-3.
[9] Mr. Kemerer's entries dated August 9, 2014 (.5 hours), February 27, 2014 (.75 hours), March 4, 2014 (.5 hours), March 13, 2014 (1 hour), March 17, 2014 (1.25 hours), and May 2, 2014 (.5 hours).  ECF No. 28-3.  Mr. Drian's entries dated August 9, 2014 (.25 hours ), August 23, 2014 (.25 hours), August 26, 2014 (.25 hours), January 6, 2014 (.5 hours), February 27, 2014 (1 hour), March 13, 2014 (2 hours), March 17, 2014 (.25 hours), March 18, 2014 (.25 hours), March 27, 2014 (.25 hours), April 2, 2014 (.25 hours), and April 4, 2014 (.75 hours).  ECF No. 28-4.
[10] Mr. Chew's entry dated August 26, 2014 (.5 hours).  ECF No. 18-2.  Mr. Kemerer's entries dated August 23, 2013 (1.5 hours), and March 17, 2014 (1.25 hours).  ECF No. 28-3.

"If the Commissioner moves for remand after the plaintiff has filed for summary judgment or otherwise briefed the merits, and the plaintiff *opposes* remand, the court must analyze the basis for the plaintiff's opposition." *Uphill v. Barnhart*, 271 F. Supp. 2d 1086, 1091 (E.D. Wis. 2003); *see Holmes v. Astrue*, No. 3:08-1829-CMC-JRM, 2010 WL 3220085, at *4 (D.S.C. Aug. 12, 2010) (adopting the *Uphill* framework for analyzing plaintiffs' oppositions to government motions for remand). If, when the plaintiff opposes defendant's motion to remand, the plaintiff reasonably expects a reversal of the ALJ's decision and an immediate award for benefits, then the opposition to remand is not unreasonable or excessive. *See Uphill*, 271 F. Supp. 2d at 1091–92; *McLaurin v. Apfel*, 95 F. Supp. 2d 111, 117 (E.D.N.Y. 2000) ("If a record demonstrates that a plaintiff could have reasonably expected to obtain a reversal, opposition by plaintiff to an offer of remand would not be excessive even if the court ultimately disagreed with plaintiff's arguments and remanded the case."); *see also Holmes*, 2010 WL 3220085, at *4.

The cases Defendant cites for the proposition that "[c]ourts have denied requests for attorneys' fees for tasks performed after the plaintiff rejected the Commissioner's offer of remand," provide for the "reasonable expectation" exception discussed above. Def.'s Opp'n 10; *See Tavarez v. Comm'r of Soc. Sec. Admin.*, No. 00 CIV. 4317(DLC), 2001 WL 936240, at *3 (S.D.N.Y. Aug. 17, 2001) (denying plaintiff's request because plaintiff "could not have reasonably expected to obtain an outright reversal of the agency decision"); *Hernandez v. Apfel*, No. 96 CIV. 7231, 2001 WL 118604, at *2 (S.D.N.Y. Feb. 8, 2001) (stating that work performed after a government motion to remand is "excessive and unnecessary" if "a plaintiff should have realized that the conflicting evidence in the record warranted remand and *could not have reasonably expected to obtain an outright reversal of an agency decision*") (emphasis added); *Collado v. Apfel*, No. 99 CIV. 4110(DLC), 2000 WL 1277595, at *3 (S.D.N.Y. Sept. 7, 2000)

(denying plaintiff's request for fees after a motion to remand in part because she "could not have reasonably expected to obtain an outright reversal of the agency decision").  Thus, the Court must determine whether Plaintiff's expectation for a reversal and award for benefits was reasonable when he opposed Defendant's motion for remand.

The undersigned believes that Plaintiff's opposition to the motion for remand was reasonable, even though the Court ultimately remanded the case.  While an expectation for a judicial determination of eligibility for benefits may not be reasonable "in the majority of cases," such a determination is proper "when all essential factual issues have been resolved and the record clearly establishes that the plaintiff is entitled to benefits."  *Uphill*, 271 F. Supp. 2d at 1092–93.  "A judicial award of benefits is appropriate only in rare instances when the record unequivocally supports a finding that the plaintiff is disabled and therefore entitled to an award of benefits."  *Holmes*, 2010 WL 3220085 at *4.  In *Holmes*, the Court found the plaintiff's opposition justified even though there was "ambiguity in the record," because the question of whether the plaintiff was disabled was "close[]" and the plaintiff had already waited six years since he first filed for benefits.  *Id.*  In the Report and Recommendation, the undersigned found that the evidence "appear[ed] overwhelming in support of a finding of a disability on the date of the ALJ's decision."  Report & Recommendation 25.  The overwhelming nature of the undisputed evidence in the record justifies Plaintiff's belief that he could obtain a judicial reversal and award for benefits, even though the Court ultimately remanded.[11]  Plaintiff's reasonable expectation of obtaining a reversal when he opposed Defendant's motion for remand justifies Plaintiff's counsel's entitlement to a reasonable fee award for time spent after Defendant filed its motion for remand.  However, Plaintiff's request for an award for fifty hours of work on

---

[11] The Court remanded solely so that the ALJ could determine the date of onset of Plaintiff's disability. Report & Recommendation 25.

and after August 9, 2013, the date Defendant filed the motion for remand, is unreasonable and should be reduced as discussed in the next section.

### 5.     Plaintiff's Request is Excessive Given the Nature of the Case

Counsel have requested an award for 160.75 hours of work performed after the Complaint was filed (201 total hours, minus 40.25 pre-Complaint hours).  After eliminating 4.25 hours for clerical tasks, 9.75 hours for block billed entries, 1.5 hours for research unrelated to the Social Security appeal, 24 hours for attorney conferences, and 12 hours for revisions to each other's work, Plaintiff seeks an attorneys' fee award for 109.25 hours.  Among the factors to be considered in determining a reasonable award are the amounts awarded in comparable cases, as well as the novelty or difficulty of the issues presented in the case.  *Barber v. Kimbrell's, Inc*., 577 F.2d 216, 226 n.28 (4th Cir. 1978).  When a case does not involve novel or difficult questions of law, counsel should not be compensated for "extra time due to inexperience or lack of familiarity with the law and the particular factual patterns presented by Social Security cases." *DiGennaro v. Bowen*, 666 F. Supp. 426, 434 (E.D.N.Y. 1987); *see Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 718 (5th Cir. 1974) (stating that the "novelty and difficulty of the questions" presented in a case is one factor to consider in adjusting an attorney's fee award). This case presents no novel or difficult questions of law.

EAJA awards in similar cases in other federal courts have ranged from twenty to forty hours.  *See, e.g.*, *Menter v. Astrue*, 572 F. Supp. 2d 563, 566 (D.N.J. 2008) ("The Court agrees with Defendant that a reasonable expenditure of time in this case would typically be somewhere in the neighborhood of forty hours."); *Seal v. Astrue*, 563 F. Supp. 2d 608, 612 (W.D. Va. 2008) (finding 26.33 hours to be a reasonable amount of time expended on a Social Security case); *Patterson v. Apfel*, 99 F. Supp. 2d 1212, 1215 (C.D. Ca. 2000) (finding that 37.25 hours was

reasonable); *DiGennaro*, 666 F. Supp. at 433 ("In cases of this nature, compensated hours generally range from twenty to forty hours.").

While it is true that fee awards for 100 or more hours are not unheard of in Social Security cases, these cases are clearly the exception, and not the norm. *See, e.g.*, *Aston v. Sec'y of Health & Human Serv.*, 808 F.2d 9, 10 (2d Cir. 1986) (affirming a district court's award for 200 hours because the district court had "broad discretion" in determining the fee award); *Garcia v. Bowen*, 702 F. Supp. 409, 411 (S.D.N.Y. 1988) (affirming an award for 156.2 hours). *But see, e.g.*, *Menter*, 572 F. Supp. 2d at 566 (D.N.J. 2008) (reducing the plaintiff's attorney's hours by fifty percent to 40.55 hours by third-year law students and 24.69 hours by attorneys, for a total of 65.24 hours); *DiGennaro*, 666 F. Supp. at 433–34 (reducing the plaintiff's requested number of hours from 130.5 to 45).

For Social Security cases filed in the Norfolk and Newport News divisions for the Eastern District of Virginia, the average EAJA fee awarded to date in 2014 was $4,129.02, compensating roughly thirty hours at $125 per hour. *See Wright v. Colvin*, No. 4:13cv42 (E.D. Va. Sept. 29, 2014) (stipulation by both parties that Plaintiff be awarded $3000 in attorney fees and costs; no order has been entered); *Graham v. Colvin*, No. 4:14cv7 (E.D. Va. July 24, 2014) (stipulation by both parties that Plaintiff be awarded $4,600 in attorney fees and costs; no order has been entered); *Wyche v. Colvin*, No. 4:13cv43 (E.D. Va. June 6, 2014) (order awarding $3,432.25 in attorney fees and $350 in costs); *Adams v. Colvin*, No. 4:13cv39 (E.D. Va. May 13, 2014) (order awarding $4,000 in attorney fees); *Corbin v. Colvin*, No. 4:13cv89 (E.D. Va. Mar. 6, 2014) (order awarding $2,599.93 in attorney fees); *Futrell v. Colvin*, No. 4:13cv25 (E.D. Va. Mar. 3, 2014) (order awarding $4,300 in attorney fees and costs); *Thomas v. Colvin*, No. 4:12cv179 (E.D. Va. Feb. 27, 2014) (order awarding $5,650 in attorney fees); *Perkins v. Colvin*,

No. 4:13cv86 (E.D. Va. Jan. 2, 2014) (order awarding $5,100 in attorney fees). After eliminating the noncompensable tasks detailed in the preceding sections, Plaintiff's remaining request for 109.25 hours is between 2.5 and 5.5 times the usual number of hours expended by attorneys in similar cases.

The undersigned finds no compelling reason to permit an award that significantly exceeds the usual awards in Social Security cases in this district. Given the lack of legal novelty in this case and the awards granted in numerous similar cases, Plaintiff's fee award for time spent following the drafting of the Complaint should be reduced from 109.25 hours to 35 hours. Therefore, the undersigned recommends that attorneys' fees be awarded at the maximum statutory rate of $125 per hour for 39 hours (4 pre-Complaint, and 35 post-Complaint), totaling $4,875. Further, Plaintiff is entitled to $350 in costs.

## IV. CONCLUSION

For the foregoing reasons, the undersigned RECOMMENDS that Plaintiff's Motion for Attorney's Fees be GRANTED in part. The undersigned RECOMMENDS that Plaintiff receive attorneys' fees for 39 hours at the maximum statutory hourly rate of $125, for a total fee award of $4,875 plus $350 in costs.

## V. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this report to the objecting party, *see* 28 U.S.C. § 636(b)(1)(C), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(e) of said

rules. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

2. A district judge shall make a *de novo* determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).


_____ /s/ _____
Tommy E. Miller
United States Magistrate Judge

Norfolk, Virginia
October 9, 2014